7 135<br>114 521

## FARMER v. CRAM *et al.*

Where the complaint in an action on a bill of exchange describes it as payable to the order of A, whereas the bill offered in evidence is drawn payable to B, it is a variance to be taken advantage of by objecting to the evidence, or by a motion of nonsuit.

After the motion for a nonsuit, the Court may, upon terms, allow an amendment of the complaint, if it would not operate as a surprise upon the defendant, but if this is not done, the plaintiff cannot recover.

APPEAL from the District Court of the Eighth Judicial District, County of Siskiyou.

The record in this case is a statement in which the pleadings are not set forth in full, their substance only being stated.

The complaint alleges that the firm of Adams & Co., in Yreka, drew their bill of exchange payable to their own order on Adams & Co. in Boston, Mass., for the sum of eight hundred and three dollars; that the drawers of the bill endorsed it to the defendants, Cram, Rogers & Co., who endorsed it to Lydia B. Farmer, the wife of the plaintiff. The complaint further shows that the so-called endorsements were written across the face of the bill.

The bill offered in evidence is drawn on Adams & Co., Boston, by Adams & Co., of San Francisco, in favor of Lydia B. Farmer, and across its face is written the names of E. W. Tracy, agent, and of Cram, Rogers, & Co. The bill has the following endorsement: "Pay to bearer, Lydia B. Farmer." The non-payment and protest of the note was proved, and also the genuineness of the signature of defendants, and plaintiff rested his case. The defendants thereupon moved for a nonsuit.

The Court took the motion under advisement, and allowed evidence of demand on and refusal to pay by defendants, on the ground that they were mere agents of Adams & Co., to be introduced by defendants. The motion for nonsuit was then

overruled, under the exception of defendants, who then introduced the evidence of Tracy to show the object of the defendants in countersigning drafts of Adams & Co. of San Francisco, sent to them for sale, to be to avoid loss which might occur if the drafts were lost before reaching Yreka. The Court below gave judgment for plaintiff. Defendants moved for a new trial, which being overruled, they appealed.

*Cartter and Hartley* for Appellants.

The plaintiff failed to prove a sufficient case for the consideration of the Court sitting as a jury; for that the complaint shows that, the bill of exchange or draft therein described, was endorsed by defendants, but the bill or draft introduced in evidence shows that the firm-name of the defendants was written across the face of the bill or draft, and again, that the complaint describes a bill of exchange drawn by Adams & Co., payable to their order, (that is, to the order of Adams & Co., the drawers,) but the bill of exchange given in evidence, is payable to the order of Lydia B. Farmer.

*Judah* for Respondent.

HEYDENFELDT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The declaration describes the bill sued on as payable to the order of Adams & Co., whereas the bill introduced in evidence is payable to the order of Lydia B. Farmer.

It was proper to take advantage of this variance between the pleadings and proof, by objecting to the evidence when offered, or moving for a nonsuit.

The great necessity for a correct description of commercial paper, when sued on, is to enable one recovery to operate a bar to any subsequent action for the same cause.

After the motion for nonsuit, the Court might, upon terms, have allowed an amendment of the declaration, if it would not have operated a surprise upon the defendants, but as this was not done, the judgment must be reversed, and the cause remanded.