[No. 2,453.]

# EDWIN TOMLINSON *v.* ALONZO MONROE.

AMBIGUOUS COMPLAINT. — A complaint is ambiguous, unintelligible, and uncertain, which avers that the plaintiff delivered a horse to the defendant of the value of three hundred dollars, on an agreement that the latter would sell him and account for the proceeds; and that the defendant accepted the horse at the price of three hundred dollars, and promised to sell him at that price and account for the proceeds, and that the defendant sold the horse without stating at what price.

IDEM.—Such a complaint is founded on contract and not upon tort.

PROOF OF ALLEGATION WHEN DENIED.—If the answer denies the contract as alleged in the complaint, the plaintiff must prove it substantially as alleged.

VARIANCE BETWEEN ALLEGATION AND PROOF. — A material variance between the contract as alleged and proved, is a ground of nonsuit, unless the plaintiff obtains leave to amend his complaint, so as to make it conform to the proofs.

IDEM.—If the complaint alleges that the defendant accepted a horse upon an agreement to sell him for a price not less than three hundred dollars, testimony that the horse was left with the defendant with *authority* to sell him at not less than three hundred dollars is no proof that the defendant bound himself to sell at not less than three hundred dollars, and there is a variance.

IDEM.—If the complaint avers that the defendant accepted a horse with an agreement to sell him and account for the proceeds, proof that the price of sale was limited to three hundred dollars is also a variance.

APPEAL from the District Court of the Eighth Judicial District, County of Humboldt.

The complaint averred that the horse was delivered to the defendant at Eureka, Humboldt County, California, and that the defendant proceeded to the City of Austin, State of Nevada, and there sold the horse.

The proofs of the plaintiff showed that the horse was left at a livery stable in Eureka, Humboldt County, in which Fenton Tomlinson, a brother of the plaintiff, owned, in partnership with the defendant.

When the plaintiff rested, the defendant's attorney moved for a nonsuit, because Fenton Tomlinson was jointly liable with the defendant.

The Court granted a nonsuit, and the plaintiff appealed.

*L. M. Buck*, and *A. G. Stafford*, for Appellant, argued that the action was for a tort, and that, in actions for a wrong, all the parties might be sued jointly, or either might be sued severally, and that as the defendant Monroe had not in his answer pleaded the nonjoinder of Fenton Tomlinson, the question could not be raised on motion for a nonsuit.

*H. W. Havens*, and *Elisha Cook*, for Respondent, argued, that as the complaint alleged that the defendant sold the horse in pursuance of an agreement, the action did not sound in tort; that the proof did not sustain the allegations of the complaint, and that the nonsuit was properly granted—it mattered not what reason the Court assigned for granting it.

By the Court, Crockett, J.:

If the complaint in this action had been demurred to as ambiguous, unintelligible, and uncertain, the demurrer ought to have been sustained. It sets out with an averment that the horse in contest was of the value of three hundred dollars, and that the plaintiff delivered him to the defendant on an agreement that the latter would sell him and account to the plaintiff for the proceeds; and it avers that the defendant sold the horse in Nevada, but does not state at what price. It then alleges that the defendant accepted the horse at the agreed price of three hundred dollars, and promised to sell him at that price, and to account therefor to the plaintiff; and avers that he has failed to account for that sum, for which it prays judgment. Taking all these averments together, the only rational construction that can be given to the complaint is that it was intended to aver that the plaintiff delivered the horse to the defendant for sale at a price to be not less than three hundred dollars, and that the defendant has sold the horse

and failed to account for the proceeds. But whatever the complaint may mean, it is clear that it is founded upon contract and not upon *tort*. The answer explicitly denies the contract; and it was incumbent on the plaintiff to prove it substantially as alleged. A material variance between the contract as alleged and proved would be a ground of nonsuit, unless the plaintiff obtained leave to amend his complaint so as to make it conform to the proofs. In this case there was a fatal variance between the contract alleged and the one proved, and the plaintiff failed to ask leave to amend his complaint. The proof does not show or tend to show that the defendant accepted the horse upon an agreement to sell him for a price not less than three hundred dollars. On the contrary, the testimony of the plaintiff himself was that the horse was left with the defendant with *authority* to sell him at not less than three hundred dollars, and there is no proof whatever that the defendant bound himself, as averred in the complaint, to sell him for that price. On the other hand, if the complaint be construed as setting out a contract to the effect that the defendant was to sell the horse and account to the plaintiff for the proceeds, there was still a fatal variance between the complaint and the contract as proved, inasmuch as the plaintiff testifies that the price was limited at three hundred dollars, which was a material element in the contract, and was not averred in the complaint. In any view, therefore, which I have been able to take of the complaint, the proof did not sustain it, and the nonsuit was properly granted.

Judgment affirmed.

Mr. Justice SPRAGUE did not express an opinion.