[Sac. No. 144.　Department Two.—October 12, 1896.]

## SUSAN B. ELMORE, AS ADMINISTRATRIX, ETC., RESPONDENT, v. JAMES G. ELMORE, APPELLANT.

ACTION TO ENFORCE TRUST—SEPARATE PROPERTY OF WIFE—MONEY JUDGMENT AGAINST HUSBAND—VARIANCE—MOTION FOR NONSUIT—WAIVER—SUBSEQUENT EVIDENCE.—Where an action was brought by the administratrix of a deceased wife against the husband, to enforce a trust against the husband as alleged agent and trustee of the wife in the purchase and improvement of lands and the purchase of personal property with her separate property, and the court found that the husband was not the agent or trustee of the wife in respect of any property, but rendered personal judgment against him for the amount of money received by him from his wife's separate property, such judgment is upon a cause of action not pleaded or warranted by the complaint; and a motion for a nonsuit should have been granted for failure of proof of the cause of action alleged, nor is such motion waived by the subsequent introduction of evidence by the defendant, which does not change the status of the case, or supply any defect in the plaintiff's case as pointed out on the motion for nonsuit.

ID.—TAKING ADVANTAGE OF VARIANCE—OBJECTION TO EVIDENCE—NONSUIT —ESTOPPEL.—A variance between the pleading and the proof may be taken advantage of either by objection to the admisibility of the evidence of a cause of action not pleaded, or by motion for nonsuit, and the defendant is not precluded from moving for a nonsuit by reason of his failure to object to the admissibility of the evidence.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial.　WILLIAM O. MINOR, Judge.

The facts are stated in the opinion of the court.

*C. C. Wright,* and *W. N. Rutherford,* for Appellant.

The motion for nonsuit should have been granted, as

the *allegata* and *probata* do not correspond. (Hayne on New Trial and Appeal, sec. 115; *Stout* v. *Coffin*, 28 Cal. 65.) Motion for nonsuit was the proper remedy. (Code Civ. Proc., sec. 581; *Mateer* v. *Brown*, 1 Cal. 221; 52 Am. Dec. 303; *Cotes* v. *Campbell*, 3 Cal. 192; *Morrison* v. *Bradley*, 5 Cal. 503; *Mondran* v. *Goux*, 51 Cal. 151; Hayne on New Trial and Appeal, sec. 115; *Owen* v. *Meade*, 104 Cal. 183; *Tomlinson* v. *Monroe*, 41 Cal. 94; *Johnson* v. *Moss*, 45 Cal. 515; *Sigourney* v. *Zellerbach*, 55 Cal. 431; *Burke* v. *Levy*, 68 Cal. 33; *Reed* v. *Norton*, 99 Cal. 617.) The motion for nonsuit was not waived by the introduction of evidence for defendant. The variance was taken advantage of by motion for nonsuit. (*Farmer* v. *Cram*, 7 Cal. 135; *Tomlinson* v. *Monroe, supra;* Hayne on New Trial and Appeal, sec. 115.) It was not necessary to object to the evidence. (Hayne on New Trial and Appeal, sec. 317.)

*T. A. Coldwell,* and *P. J. Hazen,* for Respondent.

The alleged error in denying defendant's motion for nonsuit was waived when defendant introduced evidence. (*Bogk* v. *Gassert*, 149 U. S. 17; *Higgins* v. *Ragsdale*, 83 Cal. 219.) The alleged variance was not taken advantage of in the court below by either objection to the evidence or motion to strike it out, and hence is not available here, and the motion for nonsuit having been waived, the question of variance should not now be considered. (*Boyce* v. *California Stage Co.*, 25 Cal. 460; *Marshall* v. *Ferguson*, 23 Cal. 65; *Yik Hon* v. *Spring Valley Water Works*, 65 Cal. 619; *Carpenter* v. *Ewing*, 76 Cal. 487.)

McFARLAND, J.—The court below rendered an ordinary money judgment in favor of the plaintiff and against the defendant for the sum of six thousand five hundred dollars, together with costs; and the defendant appealed from the judgment and from an order made denying his motion for a new trial.

We think that the judgment must be reversed and a

new trial ordered, because neither the complaint nor the findings sustain the judgment entered; the cause of action, if any, established by the findings is wholly different from the one averred in the complaint; the *allegata* and the *probata* do not agree.

It is averred in the complaint that the deceased, Sarah F. Elmore, was the wife of the appellant; that during her lifetime and during the coverture she received certain property from the estates of her deceased parents, which was mostly in the form of money; that she furnished this money to the appellant as her agent and trustee to purchase lands and some personal property for her; that, in pursuance of such trust, he did purchase large tracts of land and improved the same with her said money, which said lands so purchased are specifically described in the complaint; that he took the conveyances of said lands in his own name; and that he to some extent mingled said moneys of the said wife with community property, so that it had become difficult to state exactly what her interest was in the lands so purchased, but that, according to the plaintiff's information and belief, at least one-half of the said described lands, and one-half of certain personal property, was bought by the appellant, and is held by him as trustee for the said deceased wife. The prayer of the complaint is for judgment that appellant account for all the purchases he had made, as aforesaid; that all the property described in the complaint be decreed to be the separate property of the said deceased wife, and that the appellant be decreed to convey to plaintiff, as administratrix of the said deceased wife, all the real property described in the complaint, and also transfer to her all the personal property described. The court found that the said deceased wife, Sarah F. Elmore, inherited and received from the estates of her parents the sum of six thousand five hundred dollars. It further found, however, that she did not furnish said money, or any part thereof, to the appellant as her agent and trustee with which to purchase lands, and that defend-

ant did not as her agent and trustee purchase any land; that the lands described in the complaint were not purchased by appellant, or held by him in trust for the use of said deceased wife; that there was no understanding or agreement that the defendant should hold the title to said lands for said Sarah as her agent and trustee; that she did not furnish appellant any money or property with the understanding or on the condition that he should invest the same in land for her; and that the personal property described in the complaint was not purchased by defendant as trustee or agent of the said Sarah, or with her funds, and that defendant does not hold the same as trustee of said Sarah. Nevertheless the court entered a personal judgment against appellant for the said sum of six thousand five hundred dollars. But this was rendering judgment upon a cause of action not set up in the complaint, and not warranted by the averments of the complaint; and it, therefore, cannot be sustained, either upon principle or authority. (*Chetwood* v. *California Nat. Bank,* 113 Cal. 414; *Reed* v. *Norton,* 99 Cal. 617; *Mondran* v. *Goux,* 51 Cal. 151; *Tomlinson* v. *Monroe,* 41 Cal. 94; Hayne on New Trial and Appeal, sec. 115, and cases there cited.)

Respondent contends that appellant waived the point of a variance between the complaint and the evidence, because having made that point in a motion for a nonsuit, he afterward introduced evidence in the case. This position, however, is not tenable. Appellant moved for a nonsuit upon the express ground that there was no evidence tending to prove that appellant held certain lands and property which he had purchased with the separate money of the deceased wife as her trustee; and the motion for a nonsuit should have been granted. The point thus made on the motion for nonsuit was not waived by the mere fact that the appellant afterward introduced some evidence in the case. No such rule obtains in this state. The rule upon the subject is simply this, that if, after a motion for a nonsuit for want of testimony upon any material point has

been erroneously overruled, the defendant proceeds and supplies the defect by evidence which he himself introduces, then the error committed in overruling the nonsuit is cured. But, if the motion for a nonsuit should have been granted, and no evidence is afterward introduced by the defendant which changes the status of the case, then he can avail himself of the error committed in the refusing of the nonsuit. The case of *Higgins* v. *Ragsdale*, 83 Cal. 219, cited by respondent, goes only to the extent above indicated. The rule is properly stated in Hayne on New Trial and Appeal, section 118, as follows: " If the motion for nonsuit be improperly denied, it may happen that the defendant's evidence will *supply the defects* in plaintiff's case pointed out on the motion for nonsuit. In such case the error of denying the motion is cured." The rule is stated in several of the adjudicated cases in this state. For instance, in *Smith* v. *Compton*, 6 Cal. 25, the court, after saying that it was necessary to make certain proof in order to sustain the plaintiff's case, said: "This was not done in the opening, and the defendant was entitled to a judgment of nonsuit. The defendant, however, after his motion was denied, introduced evidence which enabled plaintiff to supply the defect in his case, and by so doing waived the objection." Again, in *Winans* v. *Hardenbergh*, 8 Cal. 293, the court said: "The only exception taken by appellant in the court below was to the refusal to instruct the jury as in case of nonsuit upon the close of plaintiff's testimony. If this were an error it was cured by the introduction of evidence on the part of defendants which supplied every omission in plaintiff's case, and conclusively established his right to recover." So in *Abbey Homestead Assn.* v. *Willard*, 48 Cal. 614, the court say: "The motion for a nonsuit should have been granted. The answer denies that the defendant ever ousted or ejected the plaintiff from the premises, and the plaintiff failed to prove the ouster; but the defendant afterward supplied the defect by proving that he had remained in possession ever since the execution of

the lease above mentioned.    The production of that evidence cured the error." By the motion for nonsuit the appellant distinctly raised the point insisted on here, and thereby called the attention of both court and counsel to it; and, therefore, he is not within the rule frequently announced here that a party will not be allowed to raise an objection in this court for the first time.    And, as he introduced no evidence tending to supply any omission in the evidence of the respondent, the motion for a nonsuit occupies the same position now as it did in the court below when made there.    The motion for a nonsuit was the proper method by which to raise the said question of variance.    In Hayne on New Trial and Appeal, par. 115, it is said: "In all of the foregoing cases, except *McCord* v. *Seale,* 56 Cal. 262, objection on account of the variance was taken in the court below, either by objecting to the admissibility of the evidence or by motion for a nonsuit.    A variance may be taken advantage of in either of these modes, and the defendant is not precluded from moving for a nonsuit on the ground of variance by reason of his failure to object to the admissibility of the evidence "; and the text is amply supported by the authorities cited. (See *Johnson* v. *Moss,* 45 Cal. 515; *Farmer* v. *Cram,* 7 Cal. 135: *Tomlinson* v. *Monroe,* 41 Cal. 94; and cases cited in Hayne on New Trial and Appeal, sec. 115.)    In many of the cases the defendant had introduced evidence after the denial of the motion for a nonsuit— which evidence, however, did not cure the failure of plaintiff to make out his case. (See *Farmer* v. *Cram, supra.*) Moreover, the point under review was also raised by the specification that the court in its conclusions of law erred as follows: "The court erred in its conclusion of law which reads as follows: 'That plaintiff is entitled to a judgment against defendant for the sum of six thousand five hundred dollars and costs of suit.' On the contrary, the action is not for a money judgment, but to establish a trust in land."

The foregoing views make a new trial necessary.    The

court rested its judgment upon the finding that the six thousand five hundred dollars received by the deceased wife from her parents' estate was used by appellant in paying off a certain mortgage, building a house and in farming operations, and in household expenses, and that "the same was so received by defendant as the agent and trustee of said Sarah"; and we must not be understood as holding that such finding was justified by the evidence. However, this and other questions in the case need not be now considered.

The judgment and order are reversed and the cause remanded for a new trial.

TEMPLE, J., and HENSHAW, J., concurred.