[Civ. No. 2294.   Second Appellate District, Division One.—September 8, 1919.]

## SAN JOAQUIN LIGHT & POWER COMPANY (a Corporation), Respondent, v. C. H. BARLOW, Appellant.

[1] ASSUMPSIT — ELECTRICITY FURNISHED UNDER CONTRACT — CORRESPONDENCE AS EVIDENCE OF REASONABLE VALUE.—In an action upon a common count for the reasonable value of electric current delivered by plaintiff to the defendant, correspondence between the parties authorizing the plaintiff to deliver electricity and to charge therefor at a stated rate is admissible to prove that the rate charged was reasonable, although such correspondence proved a contract price.

[2] ID.—EXCLUSION OF EVIDENCE — FORMAL RULING AND EXCEPTION IMPLIED.—In this action to recover the reasonable value of electric current delivered by plaintiff to the defendant, although no question was formally propounded to the witness on cross-examination, as to the reasonableness of the rate charged, with a ruling thereon from which under the statute an exeception would be implied, the statements of the court to the effect that the only issue was as to the amount of current furnished, and that it did not see that there was any open question as to the reasonableness of the rate, to which counsel for defendant, without any direct exception, responded that on the ruling of the court he would not ask any further questions on cross-examination as to the reasonableness of the rate, was equivalent to such formal ruling and exception.

[3] ID.—CURTAILMENT OF CROSS-EXAMINATION—PREJUDICIAL ERROR.— In such action, the refusal of the court to permit the only witness produced by plaintiff on the subject of the reasonable value of the electricity furnished to defendant to be cross-examined for the purpose of testing his qualifications as a witness on the question of reasonable value, and for the purpose of showing that the charge was not reasonable, was prejudicial error.

[4] NEW TRIAL — ORDER DENYING — APPEAL.—Where the court's order denying a motion for a new trial was made after the right of appeal from such orders had been taken away by amendment of the statute, an appeal therefrom will be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge. Judgment reversed; appeal from order denying new trial dismissed.

The facts are stated in the opinion of the court.

43 Cal. App.—16

Frank P. Doherty for Appellant.

Stuart M. Salisbury for Respondent.

CONREY, P. J.—In this action the plaintiff seeks to recover the sum of $655.20 upon a common count for the alleged reasonable value of electric current delivered by plaintiff to the defendant. From a judgment awarding the demanded sum of money the defendant appeals.

The plaintiff introduced in evidence certain correspondence between the parties, constituting a contract which authorized the plaintiff to deliver electricity and to charge therefor at a stated rate. The evidence further shows that a stated quantity of electric current was delivered, and that the amount due therefor, when computed in the manner and at the rate named in the contract, is the sum demanded in this action. Simpson, a clerk whose duty it was to compute charges from meter readings brought into plaintiff's office, testified for the plaintiff, and stated that the several charges made were reasonable charges for the service rendered.

The errors claimed and relied upon, as we glean them from the briefs of appellant's counsel, are as follows: (1) That the letters were not admissible to prove a contract price, because the plaintiff's complaint counts upon reasonable value and not upon a contract price; (2) That the court erred in preventing cross-examination of Simpson for the purpose of testing his qualifications as a witness on the question of reasonable value, and for the purpose of showing that the charge was not reasonable.

[1] 1. Although the letters received in evidence proved a contract price, they by virtue of that fact were also evidence tending to prove that the rate charged was reasonable. "A promise to pay a specific sum is some evidence of value." (*Steward* v. *Hinkle,* 72 Cal. 187, 191, [13 Pac. 494, 495].) "Where an express contract has been fully performed by plaintiff and nothing remains to be done under the contract but the payment of money by defendant, and plaintiff sues on *indebitatus assumpsit* instead of on an express contract, the contract is admissible as evidence of the amount due, and it is the best evidence of such amount, and *prima facie* establishes it." (5 Corpus Juris, 1409.)

[2]   2. On cross-examination of Simpson, after some questions had been asked and answered, relating to the conditions under which the service was to be rendered, and for the stated purpose of reaching the question of what was a reasonable rate, counsel for plaintiff objected that defendant could not go into these matters, on the ground that defendant, by entering into the contract, was estopped to question the reasonableness of the rate.   After discussion, the court announced that "the only issue here is of them furnishing the amount for which they are charging."   Mr. Doherty: "You mean no further testimony allowed on the proposition of whether or not the rate fixed by them was a reasonable rate under the issue of their pleadings?"   The Court: "I don't see that there is any open question there."   On the ruling thus made, defendant's counsel refrained from further cross-examination on the reasonableness of the rate.

To the statement made by the court, and without any direct exception, counsel responded, "Well, on the ruling of the court, then, I will not ask any further questions on cross-examination as to the reasonableness of the rate."

Although no question was formally propounded, with a ruling thereon from which under the statute an exception would be implied, the record made, as above stated, was equivalent to such formal ruling and exception. (*Pastene* v. *Pardini,* 135 Cal. 431, [67 Pac. 681].)

[3]   The court erred in thus cutting off, substantially at its beginning, the cross-examination of Simpson on the subject of reasonable value of the electricity furnished to defendant. The effect of the ruling was to leave his testimony, as given on direct examination, unaffected by any additional statements by which it might have been modified on the cross-examination.   No other witness on the subject was produced by plaintiff, and this evidence had such an important bearing on the fact at issue, that the defendant was seriously prejudiced by the court's refusal to allow the cross-examination to proceed as indicated.

[4]   As the court's order denying defendant's motion for a new trial was made after the right of appeal from such orders had been taken away by amendment of the statute

(Code Civ. Proc., sec. 963, [Stats. 1917, p. 624]), the appeal from that order is dismissed.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 30, 1919.