[Civ. No. 3042.   Third Appellate District.—May 21, 1926.]

## M. COUSIN, Respondent, v. W. S. MASON et al., Appellants.

[1] SERVICES — REASONABLE COMPENSATION — PLEADING — EVIDENCE — JUDGMENT—NATURE OF EMPLOYMENT—VARIANCE.—In this action to recover the reasonable value of services alleged to have been rendered by plaintiff to defendants at their request as manager and keeper of a summer resort, there was sufficient evidence in the record to entitle plaintiff to the judgment awarded him; and where the defense was that plaintiff simply remained upon defendants' premises and was not entitled to compensation for any kind of services, and not that the services rendered by him were as cook, and not as manager and keeper as alleged in the complaint, defendants could not have been misled by the fact that the services rendered were as cook, and such variance was immaterial.

[2] ID.—VARIANCE—WAIVER—APPEAL.—In such an action, where the objection to the variance is not called to the attention of the trial court, either by objection to the admission of the testimony or a motion for a nonsuit on the ground of variance, the objection is deemed waived and cannot be raised for the first time on appeal.

(1) 40 **Cyc.**, p. 2842, n. 46, 47, p. 2849, n. 24.   (2) 3 **C. J.**, p. 796, n. 81; 30 **Cyc.**, p. 756, n. 79, p. 758, n. 85; 40 **Cyc.**, p. 2848, n. 5.

APPEAL from a judgment of the Superior Court of Lake County.   M. S. Sayre, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Benjamin C. Jones for Appellants.

H. E. Witherspoon for Respondent.

PLUMMER, J.—Plaintiff had judgment for the sum of $475 upon a complaint, the charging part of which is in the following words:

"That plaintiff rendered services to defendants at their request as keeper and manager of the property commonly known as the 'Brown Mansion,' located in the County of Lake, State of California, from November 1, 1923, to June 13, 1924.

2.   See 21 **Cal. Jur.** 253; 21 **R. C. L.** 606.

"That said services were reasonably worth Five Hundred and Twenty-five dollars, ($525.00)."

From this judgment the defendants appeal.

The answer of the defendants denied the allegations of the complaint and alleged that during a portion of the year 1923, the plaintiff was employed as a cook at a salary or wage of $150 per month and that all of said salary or wages had been paid. [1] The grounds relied on upon this appeal are that there is no evidence to support the finding that the plaintiff rendered services as alleged in the complaint and also that there is a fatal variance between the allegations of the complaint and the testimony introduced at the trial. The testimony of the plaintiff was to the effect that he was for a short period of time during the summer employed as a cook for a salary of $150 per month; that at the close of the summer he had a talk with the defendants, in which it was agreed that the plaintiff was to remain upon the premises and care for the place. The plaintiff's testimony in this particular is as follows:

"You remember this is the year 1923 that you spoke of, so as to keep the years straight. As I understand your statement you remained and worked for Mr. and Mrs. Mason during the months of September, October, November, December, of 1923, and January, February, March, April, May, up until June 14th, 1924? A. Yes, sir. . . . During the months of July and August I get $150 a month. The Court: After that how much did you get? A. After that I talk to Mrs. Mason, I say, 'I go,' she said 'No, Granpa, you stay here,' I say 'Mrs. Mason, if you want me to stay you have to pay me.' 'I agree to stay with you for $75.00 a month, if you want me to, and anything outside I charge you $5 a month more.' She said, 'We like to have a good man like you to care for the house, we have to go to Denver, maybe we have to go Monday, we have to have somebody watch the house,' and I agreed to stay there. The Court: For how much? A. $75.00 a month and $5.00 to do any kind of work outside."

It further appears from the testimony that the plaintiff had received in payment for the alleged services the sum of $50. The testimony of the defendants was to the effect that the plaintiff was simply allowed to remain at the premises during the period of time in question without any com-

pensation, it being the time when there was little or no business conducted at the summer resort.

The court found that the services were worth the sum mentioned and awarded judgment in favor of the plaintiff. The testimony of the defendants is further to the effect that whatever services the plaintiff rendered were as a cook and not as a keeper of the Brown Mansion and hence a fatal variance between the allegations and the proof.

Our attention is called to sections 469, 470, and 471 of the Code of Civil Procedure, and it is argued that the variance in this case is material; that no application was made to amend the pleadings and, therefore, that no judgment based upon the findings can be sustained. Under section 469 of the Code of Civil Procedure, no variance between the allegations and the proof can be deemed material unless it has actually misled the adverse party to his prejudice. It does not appear from the record that the defendants in this case have been misled. Their defense was that the plaintiff remained upon the premises simply by their permission without any agreement as to compensation for any services of any kind whatsoever to be rendered by him. Whether such services were rendered as keeper or as cook would make no difference to the defense set up by the appellants, because they were insisting that the plaintiff was not entitled to compensation for any kind of service, whether he acted as cook or as keeper of the place. If believed by the trial court, there is sufficient testimony in the record to entitle the plaintiff to the judgment awarded him. **[2]** We do not need to consider the question of whether there was or was not a variance between the allegations of the complaint and the proof tendered by the plaintiff to support the same for the simple reason that the objection urged by the appellant upon appeal was not called to the attention of the trial court, either by an objection to the admission of testimony or a motion for a nonsuit on the ground of variance. It is well settled that if a defendant desires to take advantage of a variance, it must be done either by objecting to the admission of the testimony or by motion for a nonsuit, and when such action has not been taken in the trial court, the objection is deemed waived and cannot be raised for the first time on appeal. In *Cushing* v. *Pires*, 124 Cal. 663 [57 Pac. 572], the court held as follows (we quote from the syllabus):

"Where the findings and judgment are supported by the evidence, and it appears that the case was decided correctly upon the merits, objections to a defective complaint, and to a variance between the complaint and the proof, not urged in the court below, and which might have been obviated by an amendment of the complaint, are waived, and cannot be urged upon appeal for the first time." See, also, *Mercantile Trust Co.* v. *Doe*, 26 Cal. App. 246.[146 Pac. 692], wherein the court announced this same rule. In *Elmore* v. *Elmore*, 114 Cal. 516 [46 Pac. 458], the manner in which advantage may be taken of a variance between the pleading and the proof is set forth as we have stated herein, to wit, either by an objection to the admission of the testimony or by motion for a nonsuit. In 21 C. J. 276, the text-writer states the rule in the following language: "As a general rule, a variance between pleadings and proofs which might have been obviated by amendment is deemed waived, unless properly objected to at the trial," and in note number 7, appended thereto, a long list of cases is cited supporting the rule. While the plaintiff counted upon the reasonable value of the services rendered, the proof tendered by him was to the effect that the price was agreed upon, to wit, $75 per month; but proof of such contract is admissible for the purpose of showing the reasonable value of the services rendered. (*Naylor* v. *Adams*, 15 Cal. App. 548 [115 Pac. 335]; *San Joaquin Light & Power Co.* v. *Barlow*, 43 Cal. App. 241 [184 Pac. 899]; *Umphray* v. *Hufschmidt*, 73 Cal. App. 140 [238 Pac. 749].) The case of *Gillin* v. *Hopkins*, 28 Cal. App. 579 [153 Pac. 724], relied upon by the appellant touching the question of variance is not in point here. In the Gillin case the services were to be paid for in shares of stock. The judgment was simply for so much money. The court in that case very properly held that there was a failure of proof and that on the merits of the controversy the plaintiff was not entitled to the judgment rendered. The question in the case at bar is not so much the question of services rendered or to be rendered, but whether the plaintiff was under the agreement entitled to any compensation. In the case of *Elmore* v. *Elmore*, 114 Cal. 516 [46 Pac. 458], the question before the court was whether the defendant was chargeable as a trustee in the handling or acquisition of certain property and the

judgment went off on a question of personal liability, separate and distinct from any trustee relationship. The cases cited by the appellant are not in our opinion parallel with the issues presented in the case at bar and have no bearing thereon. This disposes of all questions raised on this appeal and the appeal being, as we think, without merit, the judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.