PARSONS, Administrator, &c. Respondent, *v.* JOHN DAVIS, Appellant.

Where the action in the District Court was founded upon a judgment in the Court of First Instance, and an appeal was taken from the judgment of the District Court, the record of the Court of First Instance was brought up by certiorari to this court, and the judgment was found invalid. The judgment of the District Court was reversed, and the case remanded.

APPEAL from the Fourth Judicial District.

This was an action founded on a judgment in the Court of First Instance. The complaint was filed the 8th January, 1852, and set forth that on the 13th April, 1850, Charles Swanson, now deceased, but then living, by the judgment and consideration of the Court of First Instance, duly given, &c., recovered against the defendant the sum of $5815, which judgment is still in full force and unsatisfied, and the plaintiff avers that he is the special administrator of the estate of said Swanson, and entitled to recover said judgment, and prays judgment for the said sum with interest.

On the 10th January, 1850, the affidavit, of James Wilson was filed, which stated that John Davis, the defendant, is a resident of London, as appears by letters from him dated in October, 1851.

On the same day the plaintiff filed his affidavit, in which he swore that the judgment in the Court of First Instance above stated, was wholly unpaid and unsatisfied; that the cause of action was one arising on contract, and that a summons had been issued and returned.

On the same day, 10th January, 1852, Charles M. Delaney was by order of the court appointed attorney for defendant herein.

And on the 13th January, Mr. Delaney answered as attorney for defendant, and denied generally and specially each and every allegation in the said complaint contained, and prayed to be dismissed with costs, &c.

On the same day the following agreement was filed: "It is hereby mutually consented and agreed that the above cause be

and it is hereby referred to James D. Galbreath, Esq., sole referee herein, to hear and decide all the issues in said case. January 13th, 1851.

Signed, " CHARLES M. DELANEY, defendant's attorney.

"WOOD, COOKE, and OLDS, attorneys for plaintiff."

On the 14th January, 1852, the referee filed his report, which set forth, that he found on the records of the late Court of First Instance, a judgment remaining open against said Davis, in favor of Charles Swanson (since dead), for the sum of $5815, rendered on the 13th day of April, A.D. 1850; and that he cannot find any entry of credit or satisfaction of said judgment on the records of the said court; and that there is now due to said plaintiff, administrator, &c., from said Davis, including interest from 13th April, 1850, the sum of $6832 65, for which sum he recommends judgment to be entered.

On the same day, the 14th January, the report of the referee was confirmed by the court, and judgment entered against defendant for the said sum, with costs, &c.

On the 13th January, 1852, the plaintiff filed his affidavit, setting forth that execution had been duly issued upon the said judgment, and placed in the hands of the sheriff. That defendant is not resident of this State, and has no property therein. That one Nicholas A. Den, of Santa Barbara, and now in this city, is indebted to said defendant in an amount exceeding $1500, &c.

On the 15th January, the court ordered said Den to appear before Galbreath (the referee) to answer concerning the same.

On the 16th, Den appeared as directed before the referee, who being sworn, said, that in January, 1850, he purchased of said John Davis a piece of land in Stockton, California, for $8000, or $9000, cash in hand, and an annuity to him and his wife of £300 sterling a year, payable semi-annually, in July and January, at Liverpool, England, during their natural lives; that he had paid the first half-year's annuity. As near as he could then know, there was due by him, on the 2d January, 1852, the sum of $1500; that he had off-sets against said Davis for the whole of the first year's annuity. The referee ordered that the said $1500 be applied to the satisfaction of the said judgment

against the said John Davis, in favor of the said Parsons, administrator.

On the 12th January, on motion of Mr. Emmett, the court allowed defendant to appear and answer to the merits, and that all proceedings under the judgment be stayed.

The defendant answering denied, that on the 13th April, 1850, the said C. Swanson recovered the sum of $5815 against him, and denies that there is any judgment in the Court of First Instance, as alleged in the said complaint; or that, if a judgment, as alleged, is against him, he had no previous notice thereof, or of any suit, &c., to recover the same. And denies that he is indebted to the said plaintiff in any sum whatever; and denies that Parsons is the administrator, &c., or entitled to sue or recover the said alleged judgment.

On the 3d August, 1852, the court, sitting as a jury, found that Parsons was the administrator, &c., of Swanson, and that judgment was entered in favor of Swanson against Davis, in the Court of First Instance, on the 13th April, 1850, for $5815; and ordered, that the judgment heretofore entered in this case, on the 13th January, 1852, for $6852, be confirmed, and stand as the judgment in this cause in all particulars.

The record of the Court of First Instance, accompanying the record of the District Court, shows that on the 13th April, 1850, Charles Swanson filed his complaint, in which he states, that about the 25th September last, Robert Swanson, as his agent, entered into a contract with one John Davis, that if he would build upon lots of Davis's, in Stockton, three houses, that the land and houses should be owned in common between them. That in consideration thereof, he built the houses to the said Davis's satisfaction. That Davis, not regarding the contract, sold the lots and houses for $5000 cash down, and an annuity of a large amount, to be paid to him and his wife. That Davis had not accounted to him for his interest in said lots, but sold the same with intent to cheat and defraud the complainant of his property, to his damage $10,000. That Davis has gone out of the jurisdiction of this court; and prays that process may issue, and that publication be had of this proceeding, commanding said Davis to appear and answer this complaint, and that judgment, to the amount of the damages, be rendered against him, &c.

Robert Swanson, being sworn, testified that the facts set forth in the complaint were true.

On the 27th February, 1850, the court ordered that publication of the proceedings be made in a newspaper published in San Francisco, commanding said Davis to appear and answer, &c., and that a rule be entered to take the depositions of going witnesses before T. Smith, Esq., one of the commissioners of this court, to be read on the trial of this cause.

The notice as directed was published in the " Pacific ·News," of which proof appears upon the record.

On the 13th April, 1850, judgment was entered for the plaintiff, for $5815.

*Parsons*, for respondent.

The judgment is in accordance with the statute, sects. 179 to 181 inclusive, Prac. Act.  The judgment of the Court of First Instance is good.  The court had authority under the laws of Mexico to render such judgment.  Zamiego Practicis Forencio, vol. i. p. 211; for translation, see note B, 1 Hill, 139.

From this judgment the appellant had two years to appeal, and not having appealed, he is bound by it.  Stat. 1850, Act to supersede certain courts, p. 77, sec. 6.

An appeal brings up no more than a writ of error at common law.  3 Sandford, 593.

Note B, above referred to, is thus given :—

" When the person cannot be found, the place where he is gone to is not known, or if those to be cited are numerous and uncertain, the citation shall be made by advertisement (or notices) affixed in public (conspicuous) places of the jurisdiction (tribunal), and its neighborhood, and inserting them in the official bulletins, in the Gazette, or other periodicals." Elements Practica Forense, vol. i. 211.

No brief for the appellant on file.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

This was an action upon a judgment of the Court of First Instance, the records of which belong to the District Court.  The judgment which was the basis of this suit, was rendered without

any personal service on the defendant, and indeed without any service which by the laws then in force could be deemed an equivalent for personal service., There is, therefore, no dispute that the judgment of the Court of First Instance is invalid, and insufficient to sustain the present judgment, provided that the record of the first-mentioned judgment is properly brought before us.

This has been done by a certiorari from this court, and it is insisted by the respondent that it should have been made part of the record of this cause by a statement of it as evidence, or a bill of exceptions. The sole object of a bill of exceptions is to make a record of the special action of the court of what is not record by the general law.

By such action it attains the sanction and verity which enables the revising court to consider it. But that which is a record already, cannot receive any higher degree of sanction by being made record a second time.

Where, therefore, it appears from the declaration that the court below must render judgment simply by an inspection of its own records, it is obviously the most proper mode upon an appeal, to bring up the latter by a certiorari, in order that it may receive the construction of the appellate court, which is the only object of the appeal.

Judgment reversed, and cause remanded.

[The above opinion was filed December 5, 1853. December 12, an elaborate petition was filed for a rehearing of the case, and on the same day the court ordered all proceedings to be stayed until the petition could be heard.]