[S. F. No. 3672.   Department Two.—April 7, 1905.]

## T. L. STORY, Respondent, v. J. M. NIDIFFER, Appellant.

TRESPASS—DESTRUCTION OF GROWING CROP BY CATTLE—CONFLICTING EVIDENCE—SUPPORT OF VERDICT.—In an action of trespass for the destruction of a growing crop of corn by defendant's cattle, where the evidence is substantially conflicting as to the extent of the injury done, and as to whether plaintiff would or would not have had a crop if there had been no trespass, and there was evidence that the cattle destroyed the corn in the early days of July, when it was two and a half feet high and in a thrifty and growing condition, the verdict for the plaintiff will not be disturbed.

ID.—EVIDENCE—IMPROPER CROSS-EXAMINATION TO SUPPORT DEFENSE.— The court properly disallowed the cross-examination by the defendant of plaintiff's witnesses upon matters not testified to in chief, the object of which was to draw out facts which were matters of defense.

ID.—OFFER TO PAY FOR TRESPASS—ADMISSION.—Evidence was admissible to show an offer of the defendant to pay a certain sum for the trespass, for the purpose of showing an admission that defendant's cattle had done the damage.

ID.—IMPROPER COMPARISON OF CROPS.—Where the owner of adjoining land had testified without contradiction that the land on which he had sowed Indian corn was a different character of soil from that of plaintiff's, requiring different treatment, and that on soil similar to that of plaintiff he had sown Egyptian corn, it was not error to exclude evidence for the defendant to institute a comparison between the corn growing on such land and plaintiff's crop of Indian corn which was destroyed.

ID.—EVIDENCE AS TO VALUE OF MATURED CROP—INSTRUCTION—WAIVER OF OBJECTION.—Where plaintiff introduced without objection testimony as to the value of the crop of corn when matured, and the court instructed the jury, in harmony with plaintiff's theory of the case, that if they found from the evidence that defendant's cattle destroyed plaintiff's crop, the value of the corn when it would have matured, less the cost of caring for and harvesting it, would be the detriment proximately caused by its destruction, and no exception was taken to such instruction, and defendant asked for no instruction as to any different measure of damages, an objection to the instruction will not be considered upon appeal.

ID.—INSTRUCTIONS NOT DEEMED EXCEPTED TO.—Instructions in civil cases are not deemed excepted to, but must be excepted to in order to enable the appellant to take advantage of errors in them, if such exist.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion.

H. H. Welsh, for Appellant.

J. O. Traber, for Respondent.

CHIPMAN, C.—Trespass. The cause was tried to a jury and plaintiff had a verdict for three hundred and twenty-five dollars. Judgment passed accordingly, from which defendant appeals, and also from the order refusing his motion for a new trial.

Plaintiff was in possession of forty acres of land in Fresno County under a contract to purchase. He planted about thirty-five acres to Indian corn. The complaint charges that the defendant's cattle in the early part of July, 1902, "ran and trespassed upon said land and ate and entirely destroyed said corn so that the same will not mature and produce a crop, and the same is now entirely valueless." The complaint was filed July 12, 1902.

There was evidence tending to show that plaintiff prepared his land for planting corn, and planted the land in such manner and at such time, its quality considered, as would ordinarily have produced an average crop without further attention. There was much testimony touching this matter, and the evidence of plaintiff that the methods of husbandry adopted by him would have given him a crop was controverted by defendant's witnesses, thus producing a conflict on the vital question—whether or not plaintiff would have had a crop, barring the alleged trespass. There was evidence that defendant's cattle did enter upon, tramp down, and eat off the corn, in the early days of July, when it was about two or two and a half feet high, and in a thrifty and growing condition, and did so far destroy it as to make it impossible for the corn to revive and mature a crop. This evidence was also strongly controverted and disputed by defendant's witnesses. Under such conditions of the record this court, as has been frequently held, cannot disturb the implied findings of the jury.

Defendant assigned certain errors of law committed at the trial in ruling upon the admissibility of evidence. The first six exceptions arose on the cross-examination of plaintiff's witnesses. The objection was, that the questions were not proper on cross-examination, and, we think, was rightly sustained. The questions related to the kind of land belonging to one Bridges adjoining plaintiff's land and the crop grown thereon. Nothing was said in chief about Bridges's land by the witnesses cross-examined. The questions might have had a tendency, by comparison, to prove defendant's defense, but it was not permissible for defendant to establish his defense in this maner, in violation of settled rules governing cross-examinations. Defendant's purpose seems to have been not so much to test the correctness of witnesses' testimony as to draw out facts which were matters of defense.

Exception No. 7 was taken on defendant's motion to strike out the statement of the witness that in a conversation with defendant he told witness that he had offered plaintiff a hundred dollars for damages committed by his cattle. Defendant's point is, that the conversation related to a compromise, and hence inadmissible. Such was not the purport of the statement made by defendant. The purpose of the evidence was to show an admission that defendant's cattle had done the damage and the evidence went no further. There was other evidence that defendant's cattle caused the injury. To exception 9 it may be answered that there was sufficient evidence to go to the jury at the close of plaintiff's case in chief, and the motion for a nonsuit was properly denied.

Exceptions 10, 11, 12, and 13 arose out of plaintiff's objection to certain testimony offered by defendant to institute a comparison between the corn grown on Bridges's land, above referred to, and plaintiff's crop. Bridges had testified, which was uncontradicted, that his land was unlike plaintiff's land, except a portion which was similar, but on this land he sowed Egyptian corn—not Indian corn, such as plaintiff planted. The balance of his land was planted in Indian corn, but was a different character of soil, requiring different treatment, as fully appeared. It was not error, therefore, to exclude the evidence, for it furnished no just or fair standard of comparison.

The remaining point urged by the defendant is, that the

court gave an erroneous instruction to the jury, as follows: "You are instructed that if you find from the evidence that defendant's cattle destroyed the crop of corn owned by plaintiff, that the value of the corn when it would have matured, less the cost of caring for and harvesting the same, would be the detriment proximately caused by the destruction thereof."

It appears from the record that plaintiff was permitted, without objection, to introduce testimony to show, among other facts, the value of the crop when matured, as a guide to the jury in determining the damage. There was no exception taken to this instruction, which seems to have been given pursuant to the theory on which plaintiff was permitted to present his case. And defendant asked for no instruction presenting any different measure of damages. In his specification of errors of law defendant made no reference to this instruction. In his specifications of the insufficiency of the evidence the points are, that there is no proof that defendant owned or controlled the trespassing cattle, and that the failure of plaintiff's corn to mature was due to his failure to properly plant, cultivate, and care for the corn. There was no specification that there was any failure of proof as to the value of a matured crop and other facts referred to in the instruction, except as above stated. Instructions must be excepted to in order to enable the appellant to take advantage of errors in them, if such exist. Instructions in civil cases are not deemed to have been excepted to. (Code Civ. Proc., sec. 647.) We do not think defendant should be heard now to raise the question for the first time as to the correctness of the instruction, even though plaintiff seems to be willing to meet the point without urging the objection that defendant failed to note an exception to the instruction. Defendant could have saved his point at the trial by objecting to testimony as to the value of a matured crop. Not having done so, and not having excepted to the instruction given in harmony with the theory on which the evidence went to the jury, we do not think the appellate court should now concern itself with the question. To do so would give sanction to a practice which would abrogate well-settled rules of procedure and make it competent for the parties to cause alleged errors of the lower court committed at the trial to be reviewed here which that court was

given no opportunity to correct by timely objection or exception.

It is advised that the judgment and order be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Lorigan, J., Henshaw, J., Shaw, J.