Filed 12/3/25  Thomas v. HNJ Starfish CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAQUAY THOMAS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HNJ STARFISH,<br><br>    Defendant and Respondent. | B333073<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV01147) |

APPEAL from a post-trial order and judgment of the Superior Court of Los Angeles County, Gregory Alarcon, Judge. Affirmed.

Law Office of Peggy A. Farrell, Peggy A. Farrell; Hennig Kramer Ruiz & Singh, Jennifer R. Kramer, Brandon K. Ruiz, Sereena J. Singh, Ashley Cruz; Law Offices of Rob Henning and Robert A. Hennig; Gusdorff Law and Janet Gusdorff for Plaintiff and Appellant.

The Ruttenberg Law Firm and Mark A. O'Brien for Defendant and Respondent.

————————————

After securing a partial jury verdict of $330,000 in his favor, plaintiff Jaquay Thomas appeals the trial court's post-trial decision not to award him and other employees of defendant HNJ Starfish (HNJ) $5 million in penalties under the Private Attorneys General Act of 2004 (PAGA).  HNJ is the owner of the restaurant that employed Thomas as a server.  Thomas has failed to supply us with necessary portions of the record to enable us to evaluate the proceedings in the trial court.  He has not carried his burden of providing an adequate record.  As a result, we affirm.

## FACTUAL BACKGROUND

We do not have the operative complaint or any record of proceedings, motions, or trial court rulings that may have narrowed or eliminated causes of action in the complaint.

Nor do we have a reporter's transcript of the evidence in support of and against the cause or causes of action that were presented to the jury.  As a result, we cannot, with confidence, recite the factual background upon which the trial court based its rulings.  We recite the facts as stated in plaintiff's opening brief for context only.

On July 11, 2017, plaintiff was hired as a server by defendant's restaurant Hot N' Juicy Crawfish.  On February 1, 2019, at around 10:00 p.m. while at work in the back of the restaurant, Thomas heard loud screams, crashes and commotion. He ran to the restaurant floor and saw a tall man standing behind the register.  The man threw one female employee up against a wall, slapped her face and then began choking another female employee.  A male co-worker put the man in a momentary chokehold until the man broke free and continued to act

violently, including yelling in plaintiff's face and throwing restaurant items at him and his co-workers.

Police arrived and ultimately subdued the man who was taken out of the restaurant on a stretcher. After police cleared the restaurant around 10:40 p.m., plaintiff's manager told the employees to "clear the checks" and offer anyone on the waitlist food to go. As a result, plaintiff did not leave the restaurant until after midnight. When he got home, he was so distraught at what he had experienced that he emailed his manager that he would need to take the next two days off. He told his manager he was upset about the incident and also about the way management had treated the employees after the attack—without empathy or concern for their well-being. He did not get a response.

Plaintiff did not work his shifts for the next two days. As a group several employees asked the restaurant to provide a security guard to ensure employee safety in the restaurant. Two days passed after the incident and the restaurant had not responded, so several employees decided not to come to work at their regularly scheduled start time. Management responded with an email advising employees that "if anybody doesn't show up for their shift they will be written up." In the meantime, when plaintiff came back to work for his next scheduled shift on February 6, 2019, he was fired because "you didn't show up for work on the 2nd or 3rd even though you weren't physically attacked during the incident. . . . Meanwhile other employees who were physically attacked showed up for work." Plaintiff was the only employee to request a medical leave following the incident and the only employee who was terminated.

We reiterate we do not know how many of these facts were presented to the jury because we have no transcript of the jury

3

trial proceedings. And, as set out below, it is not our role to take appellant's word for it.

## PROCEDURAL BACKGROUND

According to the Register of Action, plaintiff filed a complaint on January 10, 2020. A first amended complaint was filed on August 3, 2020, and a second amended complaint was filed on August 27, 2020. Plaintiff withdrew the second amended complaint on November 30, 2020. A third (mislabeled fourth) amended complaint was filed on March 19, 2021. Each complaint spawned demurrers and motions to strike. Plaintiff filed a motion for summary adjudication and a separate statement of undisputed facts on April 5 and 6, 2021. Defendant answered the third amended complaint on May 28, 2021.

In preparation for trial, the parties filed joint witness and exhibit lists on October 15, 2021. Plaintiff filed a statement of the case on the same date. Plaintiff filed motions in limine. Jury trial began on November 1, 2021 and ended on November 9, 2021. On March 14, 2022 the court started a non-jury trial—Phase 2—on "remaining issues." This included Plaintiff's request for PAGA penalties. A minute order dated May 31, 2023, sets out the trial court's ruling on Plaintiff's request: "Following the bifurcated trial on May 10, 2023, and after considering the extensive briefing, the court denies all claims by Plaintiff under the Private Attorney General's Act ('PAGA'), Lab. C. Sections 2699 et seq. based on the exercise of the court's discretion considering all the facts of the case as well as the grounds stated in Defendant's trial brief of June 13, 2022 and supplemental trial brief on September 2, 2022."

Judgment was entered on August 31, 2023. The judgment stated: "Pursuant to jury verdict on November 9, 2021, Plaintiff

Jaquay Thomas, an individual ('Plaintiff'), shall have and recover from Defendant HNJ Starfish, dba Hot N' Juicy Crawfish, a California corporation ('HNJ'), non-economic damages of $330,00.00.

"Following the bifurcated bench trial on May 10, 2022, and subsequent briefing, the Court now denies all claims by Plaintiff under the Private Attorneys General Act ('PAGA'), Lab. C. §§ 2699 *et seq.*

"Except as included within the jury verdict, the Court denies all other remaining causes of action or claims by Plaintiff, including all remaining claims for damages or penalties.

"Any award of court costs and attorneys' fees shall be determined post-judgment via memorandum of costs or by the Court on noticed motion. Given the mixed outcome in this case, in which Plaintiff prevailed on a few of his many causes of action but HNJ prevailed on the remainder, the Court leaves the issue of which party prevailed to subsequent determination by motion."

Both parties requested a statement of decision on the PAGA penalties, which the court filed on July 20, 2023. The statement of decision reads as follows:

"[O]n November 9, 2021, the jury found for Plaintiff on his 7th, 10th, and 11th claims under Labor Code §§ 98.6, 6404, and 6406 and awarded him $330,000 in compensatory damages. The jury did not render a verdict as to Plaintiff's 15th and 16th Causes of Action involving Plaintiff's claim that his employment contract with HNJ contained illegal terms. Plaintiff expressly dismissed his 15th and 16th Causes of Action when he filed his supplemental PAGA Brief on September 22, 2022." (Fns. omitted.) At this point, the trial court also noted in two footnotes "[t]he verdicts are special verdicts derived from 98.6, 6404, and

5

6406 for the 7th, 10th, and 11th Causes of Action.  The jury rendered no verdict under Lab. C. §§ 6400-6403" and "Plaintiff's 17th Cause of Action involved Plaintiff's claim under PAGA; Plaintiff never prepared or submitted any jury verdict or instructions regarding 15th, 16th, and 17th Causes of Actions."

The trial court continued.  "The court now finds that Plaintiff did not prove by a preponderance of the evidence that any other employees of HNJ faced the same Labor Code violations that Plaintiff prevailed on at jury trial (i.e., Lab. C. §§ 98.6, 6404, and 6406).  Plaintiff did not prove that HNJ retaliated against any other employee or that HNJ interfered with or failed to provide a safe and healthful work environment as to any other employee.

"Plaintiff prevailed before the jury based primarily on a single act of random violence by a third party who, uninvited, entered HNJ's restaurant on February 1, 2019.  When Plaintiff failed to appear for his scheduled shift the next morning, HNJ fired him.  Plaintiff did not prove that this single act of random violence and subsequent firing affected or was applied to any other employee such that HNJ might have violated Lab. C. §§ 98.6, 6500-04, and 6404 as to any other employee.

"Lab. C. § 98.6(b)(3) provides for a civil penalty not to exceed $10,000 against an employer who violates section 98.6. HNJ was entitled to a jury trial on all issues of damages or penalties, except insofar as PAGA allows a court to award penalties for proven violations of the Labor Code.  See CCP § 631(f); Grossblatt v. Wright (1951) 108 Cal.App.2d 475, 486 (right to jury trial as to statutory penalties); LaFace v. Ralphs Grocery Co. (2022) 75 Cal.App.5th 388, 402 (finding no right to jury trial on PAGA claims for civil penalties).

6

"The court finds that, because Plaintiff never sought from the jury any penalties for himself under Lab. C. § 98.6(b)(3), he cannot recover them post-jury verdict, either for himself or, under PAGA, on behalf of other employees of HNJ.

"Lab. C. §§ 6400-04 and 6404 do not provide for any civil penalties. PAGA only provides for a private right of action, as an alternative to enforcement by the Labor and Workforce Development Agency ('LWDA'), when the Labor Code provision at issue 'provides for a civil penalty to be assessed and collected by the [LWDA].' Lab. C. § 2699(a); Sargent v. Board of Trustees of Calif. St. Univ., 61 Cal.App.5th 658, 674-75 (2021) ('PAGA penalties cannot be sustained on Sargent's claims premised on statutory provisions that do not themselves provide for penalties'). [(Fn. omitted.)]

"The court further finds that Plaintiff did not prove at trial that he exhausted his administrative remedies with the LWDA before filing suit. See Lab. C. § 2699.3(a) & (b); Caliber Bodyworks, Inc. v. Super. Ct. (2005) 134 Cal.App.4th 365, 376. Plaintiff attempted to show that he had exhausted his administrative remedies, via a May 24, 2022, post-trial declaration from his counsel, but both sides had already rested on May 10, 2022 and Plaintiff did not seek to re-open the evidence at trial.

"Before filing suit, Plaintiff obtained a citation from Cal-OSHA in response to his claims under Lab. C. §§ 6400-06. The court finds that Plaintiff's PAGA claims based on the same statutory sections therefore are barred. See Lab. C. § 2699.3(b)(2) ('if the division issues a citation, the employee may not commence an action pursuant to Section 2699').

"Although Plaintiff did not sue third-party Heo Bo, LLC ('Heo Bo'), in Fountain Valley, CA, or amend his complaint to add Heo Bo as a defendant, Plaintiff also sought in the bench trial, on behalf of Heo Bo's employees, PAGA penalties against Heo Bo. By Ruling and Minute Order dated March 20, 2023, the court denied all PAGA penalties against Heo Bo. Heo Bo did not employ Plaintiff and Plaintiff did not prove that HNJ and Heo Bo were so interlinked that they were substantially one employer or a common enterprise.

"The court also finds that, under Lab. C. § 2699(e)(1), it has the same discretion that the LWDA would have whether to assess a civil penalty. Under Lab. C. § 2699(e)(2), the court has the discretion to award less than the maximum civil penalty when doing otherwise would be unjust, arbitrary and oppressive, or confiscatory.

"Based on the foregoing factual and legal determinations, and in the exercise of the Court's discretion, the court therefore denies all claims by Plaintiff under PAGA.

"To wrap up one other post-trial matter, the court also will address Plaintiff's claim for non-PAGA civil penalties on his twelfth and thirteenth causes of action under Lab. C. §§ 226(c) and 1198.5 (based on HNJ's alleged failure to timely provide Plaintiff his personnel file and wage records after termination). Plaintiff's pre-trial motion for summary adjudication of his twelfth and thirteenth cause of action did not seek adjudication of any penalties. Plaintiff likewise failed to submit to the jury any evidence or claim for penalties on his 12th and 13th Causes of Action. The court therefore denies any penalties on Plaintiff's 12th and 13th Causes of Action under Lab. C. §§ 226(c) and 1198.5."

8

This appeal followed.

## DISCUSSION

We presume an appealed judgment is correct. (*Jameson v Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) To overcome this presumption, the appellant must affirmatively demonstrate error and provide an adequate record on all issues. (*Ibid.*) In the absence of a contrary showing in the record, we will make all presumptions in favor of the trial court ruling. (*Ibid.*) If any evidence, argument, or other matters could have been presented to the trial court that would have justified the challenged ruling, we will presume those matters were presented. (*Ibid.*) It follows from this rule that if the record is inadequate for meaningful review, the appellant defaults, and we will affirm the trial court's ruling. (*Ibid.*) It is therefore appellant's burden to provide an adequate record and failure to do so requires the reviewing court to resolve the appeal against appellant.

The complete record of an appeal consists of the record of any oral proceedings; record of documents filed or lodged in the trial court; and original exhibits received in evidence or rejected by the trial court. (Cal Rules of Court, rules 8.120, 8.122(a)(3), 8.224.)

Here, the appellate record includes three reporter's transcripts of a post-verdict evidentiary hearing on whether the trial court should impose PAGA penalties. The record also includes Appellant's Appendix. This Appendix includes the following:

- A minute order setting out the special verdict questions and the jury's answers to those questions.
- Two minute orders setting out the names of the witnesses and exhibits presented at the post-verdict

9

PAGA penalty hearings on March 14, 2022 and May 10, 2022.

- Plaintiff's post-hearing trial brief in support of his request for PAGA penalties, including exhibits presented and not presented at the hearing, the court's ruling on plaintiff's motion for summary adjudication, an employee rules manual.
- An order and notice of ruling granting plaintiff's ex parte application to file documents under seal.
- Defendant's trial brief re plaintiff's request for PAGA penalties, also including exhibits and a reporter's partial transcript of a hearing on November 5, 2021.
- Minute order dated July 22, 2022 asking for supplemental briefing on the PAGA penalty request.
- Defendant's supplemental trial brief re request for PAGA penalties.
- Plaintiff's supplemental trial brief re request for PAGA penalties.
- Plaintiff's trial brief re proposed trial plan, trifurcation of issues, claims and damages, including exhibits and a partial reporter's transcripts of proceedings on November 1, 2021 and 2, 2021.
- Declaration of counsel in support of plaintiff's supplemental trial brief, including timelines and emails between counsel.
- Defendant's Timeline of PAGA claims.
- Minute order dated September 26, 2022 stating the trial court has received the briefing and is taking the PAGA penalty request under submission.

- Plaintiff's trial brief, exhibits, and Declaration of Peggy A. Farrell in support of the judgment against HNJ.
- Defendant's objections to evidence filed in support of plaintiff's request for PAGA judgment.
- Defendant's trial brief and request for judicial notice, including a partial reporter's transcript of November 8, 2021 re plaintiff's request for PAGA judgment.
- Plaintiff's Reply to defendant's trial brief.
- Ruling on plaintiff's Request for PAGA judgment against HNJ and Heo Bo as alter egos.
- Ruling on defendant's objections to evidence filed in support of plaintiff's request for PGA judgment.
- Defendant's trial brief re plaintiff's lack of entitlement to PAGA penalties.
- Plaintiff's amended reply trial brief in support of award of PAGA penalties, including prior pleadings and exhibits.
- Minute order dated May 31, 2023, denying PAGA penalty relief.
- Minute order dated July 20, 2023, re: Statement of Decision on PAGA penalties.
- Judgment filed August 31, 2023.
- Notice of Appeal.
- Register of Actions.

Apparently, to explain the absence of the operative complaint and the Reporter's Transcripts of the jury trial, Plaintiff states in his Opening Brief that the "underlying facts of the incident which led the jury to conclude that Mr. Thomas's termination violated various provisions of the California Labor Code are not a subject of this appeal except insofar as they shed

light on the question of the trial court's denial of an award of any PAGA penalties.  The relevant facts, set forth below, are taken from the factual summary contained in Plaintiff's PAGA Claim Notice that was filed with the [Labor Workforce Development Agency] on September 19, 2019, and attached to Thomas's PAGA Trial Brief."  We decline to accept a PAGA Claim Notice as the basis for facts upon which we evaluate a trial court's post-jury trial rulings.

Appellant's failure to include a complete record dooms his appeal.  First, it is apparent from the trial court's extensive and complex statement of decision that it referred to and relied on what was and was not argued and presented at the evidentiary hearing *and* jury trial *and* pretrial proceedings to support its rulings.  In the minute order on the post-verdict evidentiary hearing, the court expressly stated that its exercise of discretion to deny the request for PAGA penalties was based on "all the facts of the case."  Although plaintiff provided us with the Reporter's Transcripts of the two-day bench trial on the post-verdict request for PAGA penalties, those transcripts paint an incomplete picture of everything the trial court considered in making its findings of fact and conclusions of law.

Second, plaintiff contends the court abused its discretion and erred as a matter of law in making its rulings.  We cannot evaluate whether the court correctly exercised its discretion and applied and interpreted applicable law in its denial of PAGA penalties unless we can evaluate the record to determine whether the trial court's factual bases actually exist.  (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136 [exercise of discretion will not be disturbed on appeal where appellant fails to provide a record sufficient to determine whether the result would have been

12

different in the absence of the alleged trial court error].)  And we decline to accept without corroboration plaintiff's rendition of the operative facts.  It is not our role to blithely accept what we are told.  An appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  If a party fails to support an argument with the necessary citations to the record, the argument will be deemed to have been waived.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156.)

"[L]ack of a verbatim record of [trial court proceedings] will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson, supra*, 5 Cal.5th at p. 608.)  That is the case here.

## DISPOSITION

The order and judgment are affirmed.  Respondent HNJ Starfish shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.                          VIRAMONTES, J.

13